```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

CARL WAYNE STEWART,             §
                                §
        Plaintiff                §
                                §
v.                              §   CIVIL ACTION NO. H-09-2462
                                §
UNITED STATES OF AMERICA        §
                                §
        Defendant                §
```

### MEMORANDUM OPINION AND ORDER

Carl Wayne Stewart brings this action for negligence and medical malpractice against the United States of America under the Federal Tort Claims Act, alleging that he suffered personal injuries while receiving care at the Veteran Affairs Medical Center in Houston on various dates in 2007. The United States has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the factual basis in Stewart's complaint fails to meet the standard required by Rule 8(a)(2). Stewart has not responded to the motion. For the reasons explained below, the court will grant the United States' motion to dismiss.

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be

granted.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).  A Rule 12(b)(6) motion to dismiss requires the court to accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir.), cert. denied, 129 S.Ct. 600 (2008)

The United States argues that Stewart's Complaint is legally insufficient because it fails to meet the standard required by Federal Rule of Civil Procedure 8(a)(2).  The United States Supreme Court most recently described the standard required by Rule 8 in Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).  The pleading standard of Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  Iqbal, 129 S.Ct. at 1949.  A pleading is not sufficient if it offers only "labels and conclusions" or "'naked assertions' devoid of 'further factual enhancement.'"  Id., citing Twombly, 127 S.Ct. at 1959.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Id., citing Twombly, 127 S.Ct. at 1960.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id.  Although for the purposes of a motion to dismiss a court must take all of the factual allegations in the complaint as true, it is not bound to accept as true legal conclusions couched as factual allegations.  Id. at 1949-50.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the court to draw on its judicial experience and common sense.  Id. at 1950.  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown "that the pleader is entitled to relief."  Id., citing Fed. Rule Civ. Proc. 8(a)(2).

## II.  Analysis

Stewart's Complaint makes the following allegations:

> Facts of the Federal Tort Claim
> On 7-24-2007, 10-24-2007, 8-28-2007 thru 9-6-2007, the employees acts of Negligence, abuse of the Patients Rights, endangerment of Health the Plaintiff suffered pain and suffering, endangerment of health, abuse of his Rights by the government employee omissions and commission while they Were acting within the scope of their employment.
> . . .
> Damages
> As a direct and proximate result of the defendants, negligence, and the Endangerment of health, abuse of patients rights the plaintiff suffered The following injuries and damages, pain and suffering physical, mental Anguish in the past and future for deviation from the established standard Of medicine.[1]

The Complaint provides no further factual basis for Stewart's claim.  A letter dated November 24, 2007, attached to the Complaint

---

[1]Complaint, Docket Entry No. 1, p. 2.

-3-

mentions some of the doctors who treated Stewart and refers to some of the treatment that he received.[2]  One part of the attached letter appears to allege a misdiagnosis:

> . . . Problem of Dr. Kong misdiagnosis of Delusional disorder not in compliance with DSM-IV as her story of my presented complaint never told me of the Diagnosis or that on 8-29-07 admission and abandonment never told me of presentation of Dr. bashir, PA, Todd gave me a medicine . . .[3]

This is the only passage in the letter that alleges a medical error.  The remainder of the letter, like the cited passage, does not provide a coherent narrative of the episodes described, nor does it clearly state how any single episode demonstrated negligence or harmed Stewart.

Even accepting all of Stewart's factual allegations as true, the court concludes that Stewart has not stated a claim that is plausible on its face.  His Complaint consists only of conclusory statements and "naked assertions devoid of further factual enhancement," which are insufficient under the Rule 8(a)(2) standard articulated in Iqbal and Twombly.  While Stewart is a pro se litigant and is therefore entitled to a liberal interpretation of his Complaint, the court cannot reasonably interpret the Complaint in such a way as to infer that the United States is liable for Stewart's alleged injuries.  Regarding the one medical error that Stewart alleges – the diagnosis of delusional disorder

---

[2]Letter, "Speak to the Director," dated November 24, 2007, attached to Complaint, Docket Entry No. 1.

[3]Id.

mentioned in the attached letter – Stewart provides no basis from which to conclude that the diagnosis was in error. He provides no alternate medical opinion, nor does he provide any facts that would show that the doctor's diagnosis deviated from the standard of care in the medical profession. Furthermore, he does not specify any harm that resulted from this alleged misdiagnosis.

In the absence of any factual basis from which to infer that the employees at the Veteran Affairs Medical Center were negligent in their treatment of Stewart, or that their negligence harmed him in any way, the court concludes that Stewart's complaint lacks the facial plausibility required to survive a 12(b)(6) motion. Therefore, the court will grant the United States' Motion to Dismiss.

### III.  Order

For the reasons explained above, the court **GRANTS** the United States' Motion to Dismiss (Docket Entry No. 6). Accordingly, the court **DENIES** Stewart's Motion for Production and Inspection of Documents (Docket Entry No. 9).

**SIGNED** at Houston, Texas, on this 14th day of October, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE